******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KENNETH LOMBARDI *v.* TOWN OF WESTPORT
(AC 47490)

Alvord, Elgo and Seeley, Js.

*Syllabus*

The plaintiff, a retired firefighter who had been employed by the defendant town's fire department, appealed from the trial court's judgment for the defendant, rendered following its granting of the defendant's motion for summary judgment. The plaintiff claimed that the court improperly concluded that there was no genuine issue of material fact as to the plaintiff's breach of contract claim alleging that the defendant had breached the terms of a pension plan. *Held*:

The trial court properly granted the defendant's motion for summary judgment, as there was no genuine issue of material fact that the plaintiff was not entitled to a disability retirement pension on the basis that he did not have certifications from at least three physicians that he was disabled so as to be permanently disqualified from service of all duties as a regular full-time firefighter, which was required by the plain and unambiguous language of the pension plan.

Argued March 5—officially released May 13, 2025

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Clark, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Thomas W. Bucci*, for the appellant (plaintiff).

*Cindy M. Cieslak*, with whom, on the brief, was *Michael J. Rose*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiff, Kenneth Lombardi, appeals from the summary judgment rendered by the trial court in favor of the defendant, the town of Westport. On appeal, the plaintiff claims that the court improperly concluded that there were no genuine issues of material

fact as to the plaintiff's breach of contract claim alleging that the defendant breached the terms of a pension plan. We affirm the judgment of the trial court.[1]

The following procedural history is relevant to our resolution of this appeal. The plaintiff commenced the present action in October, 2022. In his single count complaint, filed on October 27, 2022, the plaintiff alleged in relevant part as follows. The plaintiff was employed by the defendant as a firefighter for thirty-seven years. On March 31, 2017, the plaintiff notified the defendant's personnel director, Ralph Chetcuti, that he would be retiring, effective May 1, 2017. The plaintiff requested a disability retirement pension on account of an ear injury, resulting in hearing loss, that he had sustained while performing his duties as a firefighter in 2004. Chetcuti subsequently informed the plaintiff that he did not qualify for a disability retirement pension. On April 30, 2017, the plaintiff rescinded his notice of retirement. However, following an exchange between the Westport Uniformed Firefighters Association and Chetcuti, the plaintiff reinstated his request for a disability retirement pension and retired effective June 1, 2017.

The plaintiff's entitlement to a disability retirement pension is set forth in a collective bargaining agreement between the defendant and the Westport Firefighter's Local 1081, International Association of Firefighters, AFL-CIO (pension plan), which is administered by the defendant's Fire Pension Board (board). Under the pension plan, a covered individual is entitled to a disability retirement pension "[u]pon certification by [at] least three (3) physicians appointed by the [board]" that he "is disabled so as to be permanently disqualified from

---

[1] The plaintiff also claims that the court erred in concluding that the plaintiff was collaterally estopped from bringing the present action. Because we affirm the court's determination that there were no genuine issues of material fact with respect to the plaintiff's breach of contract claim, we need not address that alternative contention.

service of all duties as a regular full time firefighter, such disability having occurred during actual performance of duty, or resulting from the effects of any injury received, disease contracted, or exposure endured while in the actual discharge of his duties . . . .” To aid in its determination of whether the plaintiff qualified for a disability retirement pension, the board accepted and considered medical evaluations from two physicians selected by the plaintiff, who opined that the plaintiff “suffered from permanent hearing disabilities rendering him unfit for duty as a firefighter.” In addition, the board referred the plaintiff to Craig Hecht, a physician, for an independent examination. “Hecht’s findings were consistent with the conclusions of [the other two physicians], except [for] Hecht’s conclusion that the plaintiff could perform ‘90 percent of his job responsibilities’ . . . .” In December, 2017, the board denied the plaintiff’s request for a disability retirement pension.

In his complaint, the plaintiff asserted a claim of breach of contract. In support of his claim, the plaintiff alleged that the defendant, acting through the board, “wrongfully denied the plaintiff the disability retirement pension to which he was entitled under the [pension plan].” The defendant filed an answer and special defenses in December, 2022, and the plaintiff filed a reply thereafter.

In August, 2023, the defendant filed a motion for summary judgment arguing, inter alia, that the plaintiff had not established entitlement to a disability retirement pension under the terms of the pension plan. The motion was accompanied by a memorandum of law and exhibits, including the pension plan document. In its memorandum of law, the defendant argued that “the [board] is entitled to deference when it determined that the plaintiff did not meet the requirements of the [pension] plan; to wit, that he failed to produce the

requisite three [independent medical examinations] by board-appointed doctors all finding him disabled from all regular duties. This fact is not disputed, nor is it disputable, by the plaintiff. The plaintiff's failure to establish the necessary prerequisite to a disability pension is fatal to his claim." The plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment, which was accompanied by exhibits, including the physicians' medical reports, and the plaintiff's affidavit. The defendant filed a reply.

The trial court, *Clark, J.*, held oral argument on the defendant's motion in November, 2023. On March 15, 2024, the court issued its memorandum of decision, granting the defendant's motion for summary judgment on two separate grounds; see footnote 1 of this opinion; one of which was that the plaintiff did not meet "the clear and unambiguous qualifying language that the [board] and/or [defendant] is bound by contractually." In making its decision, the court further recounted that "the evidence presented demonstrates that the qualifying language for a disability pension requires certain verification of the disability through an independent medical report ordered by the [board]" and "the action of the [board] and/or the [defendant] in not awarding a disability pension to the plaintiff is not arbitrary or some abuse of discretion or misapplication of the applicable contract/pension." This appeal followed.

On appeal, the plaintiff claims that the court erred in granting the defendant's motion for summary judgment. Specifically, the plaintiff contends that the court improperly concluded that no genuine issue of material fact existed as to the plaintiff's entitlement to a disability retirement pension. We disagree.

"As a preliminary matter, we note the well established standard that governs our review of a trial court's decision to grant a motion for summary judgment. Practice

Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . [T]he moving party . . . has the burden of showing the absence of any genuine issue as to all the material facts . . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the [nonmoving] party must present evidence that demonstrates the existence of some disputed factual issue. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Waterbury* v. *Brennan*, 228 Conn. App. 206, 212, 325 A.3d 237, cert. denied, 350 Conn. 923, 325 A.3d 1094 (2024).

"It is axiomatic that a collective bargaining agreement is a contract. . . . For that reason, [p]rinciples of contract law guide our interpretation of collective bargaining agreements." (Citation omitted; internal quotation marks omitted.) Id., 215. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . [T]he interpretation and construction of a written contract present only questions of law, within the province of the court . . . so long as the contract is unambiguous and the intent of the parties can be determined from the agreement's face. . . . Contract language is unambiguous when it

has a definite and precise meaning about which there is no reasonable basis for a difference of opinion. . . . A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings. . . . When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract . . . ." (Internal quotation marks omitted.) Id., 213–14.

The pension plan in the present case plainly and unambiguously provides that a participant is entitled to receive and will be granted a disability retirement pension: "Upon certification by [*at*] *least three (3) physicians* appointed by the [board] that a Participant is disabled so as to be *permanently disqualified from service of all duties as a regular full time firefighter*, such disability having occurred during actual performance of duty, or resulting from the effects of any injury received, disease contracted, or exposure endured while in the actual discharge of his duties . . . ." (Emphasis added.) In addition, it is undisputed that one of the three physicians, Hecht, determined that the plaintiff could perform 90 percent of his job responsibilities and did not certify that the plaintiff was disabled so as to be permanently disqualified from service of all duties as a regular full-time firefighter. Accordingly, there exists no genuine issue of material fact that the plaintiff was not entitled to a disability retirement pension on the basis that he did not have certifications from at least three physicians.[2] Therefore,

[2] In arguing that there existed a genuine issue of material fact, the plaintiff also asserts that the trial court erred in stating that "[t]he only evidence submitted by either party for consideration is the report of [Hecht] . . . ." In addition, the plaintiff argues that "the trial court erred in finding that there is no independent medical report ordered by the [board] which confirms the disability of the plaintiff." Regardless of any misstatements made by the trial court, there are no genuine issues of material fact as to the plaintiff's claim.

the trial court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

———————————